IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY QUINN DAVIS,
    Plaintiff,

vs.                                                       Case No.:  3:07cv168/RS/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint and a motion to proceed in forma pauperis (Docs. 1, 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis shall be granted.

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327).

Plaintiff's complaint states that this civil rights action is a "national emergency" (Doc. 1 at 1). The United States of America ("US") is named as a Defendant on the first page of the complaint (*id.*). On page two, Plaintiff identifies additional Defendants including all non-profit organizations, public and private businesses, and "governments" (*id.* at 2). The court also notes Plaintiff indicates that he suffers from "brain damage from government experimentation and really needs emediak [sic] phisoliogical [sic] health care other than imagery [sic] and treatment for brain damage" (*id.* at 1). In the statement of facts portion of his complaint, Plaintiff requests that the US abolish the death penalty in all fifty states "because with modern day mind control mechanisms and kenetic [sic] forms of bondage, it's gorss[ly] demeaning[,] unproductive[,] and make[s] us look like uncivilized heathen murderous animals" (*id.* at 3). Plaintiff further states that it is a "national emergency and our whole country is turning into a murderous desolate wasteland and even religiously [sic] the old suicide mentality, [sic] to stop because of huge private armies" (*id.*). Plaintiff argues that the original Constitution states "that you can practice any religion you want in the US but you can't kill according to that religion, that would include intentionally supernaturally disabling people by mind control device[s] or kenetic [sic] witchcraft" (*id.*). Plaintiff then dedicates his complaint to the "memory of the . . . thousands of the forces [illegible] and millions of US citizens wrongfully executed by soulless [illegible] degenerate professionals" (*id.*). Plaintiff's statement of claims accuses the US of "not adhering to the civil character and responsibilities outlined in the United States Constitution" (*id.* at 4). For relief, Plaintiff requests that the death penalty, as well as public, religious, and private corporations be abolished (*id.*). Plaintiff asserts that this relief must be granted because "[i]t is a national emergency otherwise I'll be forced to have the world court prosecute and expose all violations as is my civil [and] constitutional duty" (*id.*).

The allegations set forth in the instant complaint appear to fall into the category of cases describing scenarios clearly removed from reality. Sultenfuss, 894 F.2d at 1278 (citing Neitzke, 490 U.S. at 327). In Neitzke, the Supreme Court recognized the ability of the court to dismiss a case as frivolous where the claims describe fantastic or delusional scenarios. 490 U.S. at 327. Although the initial assessment of Plaintiff's factual allegations must be "weighted in favor of the plaintiff," the court is not required to accept allegations as having an arguable factual basis simply because they cannot be rebutted by judicially noticeable facts. Denton, 504 U.S. at 31. In other words, the

frivolity determination cannot serve as a factfinding process for the resolution of disputed facts. *Id.* A finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible. *Id.* With this standard in mind, Plaintiff's complaint should be dismissed as frivolous because the claims set forth fantastic scenarios.

Accordingly, it is **ORDERED**:

Plaintiff's motion to for leave to proceed in forma paupers is **GRANTED** (Doc. 2).

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of April 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:07cv168/RS/EMT